**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
<u>Raleigh</u> **DIVISION**

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1: | **Yonny Humberto Gamez Mercado** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2: | **Andry Catheryna Tovar De Gamez** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case Number: | **26-01560-5-PWM** | | |
| (If known) | | | |

☑ Check if this is an amended plan and list below the sections of the plan that have changed.
**2.1, 2.3, 3.2, 3.3, 3.4, 4.2**

# CHAPTER 13 PLAN

---

**Part 1:   Notices**

**Definitions:**   Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3 below, to state whether or not the plan includes provisions related to each item listed.*** **If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

---

**Part 2:   Plan Payments and Length of Plan**

**2.1   The Debtor(s) shall make regular payments to the Trustee as follows:**

$ __**1,497.00**__ per __**Month**__ for __**4**__ months
$ __**1,736.00**__ per __**Month**__ for __**56**__ months

*(Insert additional line(s), if needed.)*

E.D.N.C. Local Form 113A  (12-1-2025)                                    Page 1 of 6

Debtor  **Yonny Humberto Gamez Mercado**
        **Andry Catheryna Tovar De Gamez**           Case number  **26-01560-5-PWM**

**2.2  Additional payments.** (*Check one.*)
   ☑   **None.** (*If "None" is checked, the rest of this section need not be completed or reproduced*)

**2.3  The total amount of estimated payments to the Trustee is $  103,204.00  .**

**2.4  Adjustments to the Payment Schedule/Base Plan** (*Check one*).

   ☑   **None.**

   ☐   **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5  Applicable Commitment Period & Projected Disposable Income.**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referred to in 11 U.S.C. § 1325(b)(1)(B), is $ **0.00**  per month. The plan shall not be deemed complete prior to completion of the applicable commitment period unless allowed non-priority unsecured claims are paid in full over a shorter period.

**2.6  The "Liquidation Test."**

a)  For purposes of this Plan, the Chapter 7 "Liquidation Value" of the estate(s) of the Debtor(s) as referenced to in 11 U.S.C. 1325(a)(4), is refers to the estimated amounts that would be paid to holders of allowed nonpriority unsecured claims if the estate(s) of the Debtor(s) were liquidated under Chapter 7 on the effective date of the Plan. In this case, that amount is: $ **0.00**  .

b)  Holders of allowed non-priority unsecured claims are projected to receive a distribution equal to their pro rata share of the Liquidation Value. This projected distribution may be impacted by the designation of classes below, and by the allowance and/or amendment of secured, priority, and administrative claims which may affect the Liquidation Values described herein.

       If a Liquidation Value is greater than the amount of allowed nonpriority unsecured claims within a particular class (or greater than all allowed nonpriority unsecured claims if no class designations are made), allowed unsecured claims within such class (or all nonpriority unsecured claims, if applicable) shall be paid with interest at the Federal Post-Judgment Interest Rate that is effective as of the petition date.

   ☑   **None. If "None" is checked, no classes are designated and the Liquidation Value identified in part 2.6(a) above will be disbursed to all holders of allowed nonpriority unsecured claims on a pro rata basis. The rest of Section 2.6 need not to be completed or reproduced.**

**Part 3:  Treatment of Secured Claims**

**3.1  Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
    **(a)** payment of the underlying debt determined under nonbankruptcy law, or
    **(b)** discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2  Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
   ☐   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   ☑   The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
|  |  |  |  |  |

E.D.N.C. Local Form 113A (12-1-2025)                                        Page 2 of 6

| Debtor | Yonny Humberto Gamez Mercado | Case number | 26-01560-5-PWM |
|---|---|---|---|
| | Andry Catheryna Tovar De Gamez | | |

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| BSI Financial Services | 420 Hawksbill Drive Franklinton, NC 27525 | $1,941.04 <br> To be disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | $5,935.82 | 0.00% |
| US Department of HUD | 420 Hawksbill Drive Franklinton, NC 27525 | $0.00 <br> To be disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | Not provided for | 0.00% |

*Insert additional claims as needed.*

☐ **Other.** *(Check all that apply, and explain.)* The Debtor(s):

(a) ☐ do intend to seek a mortgage modification with respect to the following loan(s) listed above:

_____

(b) ☐ do not intend to seek a mortgage loan modification of any of the mortgage loans listed above;

(c) ☐ intend to: _____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.*

*Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.*

☑ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| Chrysler Capital 11 | $25,830.73 | 2017 Ram Promaster 144,702 miles JD Power retail VIN#3C6TRVAG7 HE520377 | $17,475.00 | $0.00 | $17,475.00 | 8.75% |

*Insert additional claims as needed.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:

Debtor  **Yonny Humberto Gamez Mercado**  Case number  **26-01560-5-PWM**
**Andry Catheryna Tovar De Gamez**

(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);

(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or

(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | Basis (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| GM Financial | 2022 Chevrolet Tahoe Z71 | $49,037.41 | 8.75% | 910 Claim |

*Insert additional claims as needed.*

**3.5  Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☐  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

*The remainder of this Section 3.5 will be effective only if there is a check in the box "Included" in Part 1, § 1.2, of this plan, above.*

☑  The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b), and the Debtor(s) intend to avoid these liens, in whole or in part. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full with interest at the *Till* rate to the extent allowed as a secured claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under Part 5 of this plan to the extent allowed.

Procedure to be used for lien avoidance: Lien avoidance as described in this section may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing.

| Creditor Name | Property Subject to Lien | Type of Lien ("Judicial" or "NPMSI") | Total Claim Amount | Secured Claim | Unsecured Claim |
|---|---|---|---|---|---|
| Carolina Small Business Dev. Fund 7 | 420 Hawksbill Drive Franklinton, NC 27525 | Judicial | $52,723.09 | $0.00 | $52,723.09 |
| WRI/Raleigh LP 12 | 420 Hawksbill Drive Franklinton, NC 27525 | Judicial | $352,250.81 | $0.00 | $352,250.81 |

*Insert additional claims as needed.*

**3.6  Surrender of Collateral.** *(Check one.)*

☐  **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☑  The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| Westgate Resorts LTD | Timeshare |

*Insert lines for additional creditors and collateral, as needed.*

**Part 4:  Treatment of Fees and Priority Claims**

| Debtor | **Yonny Humberto Gamez Mercado**<br>**Andry Catheryna Tovar De Gamez** | Case number | **26-01560-5-PWM** |
|---|---|---|---|

**4.1  General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2  Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**7.00**__ % of amounts disbursed by the Trustee under the plan and are estimated to total $__**7,224.28**__ .

**4.3  Debtor(s)' Attorney's Fees.** *(Check below, as appropriate.)*

☑  Debtor(s)' attorney has agreed to accept as a base fee $__**6,838.00**__ , of which $__**0.00**__ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $__**6,838.00**__ be paid through the plan.

☐  The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____ , of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4  Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑  **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**

☑  **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:  Unsecured Non-priority Claims**

**5.1  General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2  Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*

☑  **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

---

**Part 6:  Executory Contracts and Unexpired Leases**

**6.1  The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*

☐  **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
☑  The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured *(if any)* | Interest Rate On Arrears | Term of Cure *(# of mos.)* | Current Monthly Payment | Contract or Lease Ends *(mm/yyyy)* |
|---|---|---|---|---|---|---|---|
| Kimco Raleigh LP | Comercial lease | R | $0.00 | 0.00% | 0 | $4,500.00 | / / |

*Insert additional leases or contracts, as needed.*

---

**Part 7:  Miscellaneous Provisions**

**7.1  Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☑  plan confirmation.

| Debtor | Yonny Humberto Gamez Mercado | Case number | 26-01560-5-PWM |
|---|---|---|---|
| | Andry Catheryna Tovar De Gamez | | |

☐ discharge
☐ other: _____

**7.2 Use, Sale, or Lease of Property:** Regardless of the election made in 7.1 above, the use, sale, or lease of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

☐     **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.*

*Under Bankruptcy Rule 3015(c), nonstandard plan provisions* <u>*must*</u> *be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it.* ***Nonstandard provisions set out elsewhere in this plan are ineffective.*** **The following are the nonstandard provisions of this plan:**

**The liquidation test of 11 USC 1325(a)(4) assumes a 6% cost of sale for real property and a 10% cost of sale for personal property.**

**Plan provision 7.2 shall not apply. E.D.N.C. LBR 4002-1(g)(4) shall not apply. Paragraph 10 of the Order and Notice shall not apply. No court order shall be required to sell vested property during the case. The trustee shall be notified no fewer than 15 days prior to the sale of any real property during the pendency of the case.**

*Insert lines, as needed.*

*No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.*

## Part 9: Signatures

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signature(s) are optional. The attorney for the Debtor(s), if any, must sign below.**

**By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

*X*  **/s/ Travis Sasser** _____     Date **June 8, 2026** _____
   **Travis Sasser 26707**                                       MM/DD/YYYY
   Signature of Attorney for Debtor(s)

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**YONNY HUMBERTO GAMEZ MERCADO,**  **CASE NO. 26-01560-5-PWM**
**ANDRY CATHERYNA TOVAR DE GAMEZ,**  **CHAPTER 13**

**DEBTORS**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Amended Chapter 13 Plan** was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

Chapter 13 Trustee
*Served Electronically*

Yonny and Andry Gamez Mercado
420 Hawksbill Drive
Franklinton, NC 27525

ALL PARTIES ON ATTACHED MAILING MATRIX

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2026

/s/ Travis Sasser
Travis Sasser
Attorney for Debtors
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com



SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES
c/o McCalla Raymer Leibert Pierce, LLP
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076-2102

Affirm Operational Loans XI Trust
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

BSI Financial Services
Attn: Managing Agent/ Bankruptcy
2nd Floor PO Box 517
Titusville, PA 16354-0517

Carolina Small Business Development Fund
c/o Vann Attorneys, PLLC
3110 Edwards Mill Rd., Ste. 210
Raleigh, NC 27612-5419

Citibank, N.A.
Attn: Bankruptcy Department
5800 S. Corporate Pl.
Sioux Falls, SD 57108-5027

Discover Bank Credit Cards
Attn: Managing Agent/Bankruptcy
PO Box 30939
Salt Lake City, UT 84130-0939

(p)GRAMEEN AMERICA INC
82-11 37TH AVE
SUITE 607
JACKSON HEIGHTS NY 11372-7015

Jordan M. Latta
500 North Broadway, Suite 201
Jericho, NY 11753-2122

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

AmeriCredit Financial Services, Inc. dba GM
P O Box 183853
Arlington, TX 76096-3853

Santander Consumer USA Inc. dba Chrysler Cap
Womble Bond Dickinson (US) LLP
c/o Eudora F. S. Arthur
555 Fayetteville St., Suite 1100
Raleigh, NC 27601-3034

Aidvantage:Dept of Ed Loan Services
Attn: Managing Agent/Bankruptcy
PO Box 300001
Greenville, TX 75403-3001

Bank of America
Attn: Bankruptcy Department
P.O. Box 31785
Tampa, FL 33631-3785

Cavalry Portfolio Services, LLC
Attn: Bankruptcy Department
PO Box 4252
Greenwich, CT 06831-0405

Credit One Bank NA
Attn: Managing Agent/Bankruptcy
PO Box 98875
Las Vegas, NV 89193-8875

First Premier Bank
Attn: Bankruptcy Department
500 S. Minnesota Ave.
Sioux Falls, SD 57104-6818

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

Kimco Raleigh LP
8430 Park Road
Charlotte, NC 28210-5801

Laura Scott
2417 Constitution Drive
Raleigh, NC 27615-5378

Carolina Small Business Development Fund
CAROLINA SMALL BUSINESS DEVELOPMENT FUND
C/O Vann Attorneys, PLLC
3110 Edwards Mill Rd., Ste. 210
Raleigh, NC 27612-5419



Apple Card/GS Bank
Attn: Managing Agent/Bankruptcy
Lockbox 6112 PO Box 7247
Philadelphia, PA 19170-6112

Carolina Small Business Dev. Fund
Attn: Managing Agent/Bankruptcy
3128 Highwoods Boulevard, Suite 170
Raleigh, NC 27604-6447

Chrysler Capital
Attn: Bankruptcy
P.O. Box 961275
Fort Worth, TX 76161-0275

Dept of Education/Aidvantage
Attn: Bankruptcy Department
P.O. Box 300001
Greenville, TX 75403-3001

GM Financial
Attn: Managing Agent/Bankruptcy
PO Box 181145
Arlington, TX 76096-1145

John T. Benjamin, Jr., P.A.
Attn : Managing Agent
1115 Hillsborough Street
Raleigh, NC 27603-1505

LVNV Funding, LLC
Attn: Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

NC Department of Revenue
Office Serv. Div., Bankruptcy Unit
Post Office Box 1168
Raleigh., NC 27602-1168

Natalie Schoeny
2405 Hamrick Drive
Raleigh, NC 27615-2516

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Premier Bankcard, LLC
Jefferson Capital Systems, LLC Assignee
PO BOX 7999
SAINT CLOUD, MN 56302-7999

SERVIS ONE, INC, et al.
Bankruptcy Department
4200 Regent Blvd, Suite B200
Irving Texas 75063-2237

Santander Consumer USA, Inc.
d/b/a Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-0275

Synchrony Bank
Attn: Bankruptcy Department
PO Box 971782
Philadelphia, PA 19176-1782

(p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP
ATTN ROBERT ZAYAC
40 MARIETTA ST SUITE 300
ATLANTA GA 30303-2812

Vann Attorneys, PLLC
Attn: Bankruptcy Department
3110 Edwards Mill Rd., Suite 210
Raleigh, NC 27612-5419

WRI/Raleigh L.P.
500 North Broadway, Suite 201
Jericho, NY 11753-2122

WRI/Raleigh LP
Attn: Managing Agent
160 Mine Lake Ct Ste 200
Raleigh, NC 27615-6417

WakeMed Health and Hospitals
Attn: Managing Agent/Bankruptcy
Po Box 602983
Charlotte, NC 28260-2983

(p)WESTGATE RESORTS
ATTN MANDY BUSKIRK
2801 OLD WINTER GARDEN ROAD
OCOEE FL 34761-2965

Andry Catheryna Tovar De Gamez
420 Hawksbill Drive
Franklinton, NC 27525-8482





Yonny Humberto Gamez Mercado
420 Hawksbill Drive
Franklinton, NC 27525-8482

